526     INGRAHAM, CORBIN & MAY *v.* EDWARDS. [Sept. T.,

Opinion of the Court

# INGRAHAM, CORBIN & MAY

*v.*

# HENRY C. EDWARDS.

1. AGENCY—*power to execute sealed instrument—ratification.* The authority of an agent to execute a bond, or other sealed instrument, must be of equal dignity, and under seal; and the principal can not ratify a bond executed by an agent without competent authority, except by a writing under seal.

2. PLEADING AND EVIDENCE—*variance.* Where the pleader declares upon a "writing obligatory," a simple contract, or instrument not under seal, is not admissible in evidence.

APPEAL from the Circuit Court of Mercer county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Messrs. TALIAFERRO & BROCK, for the appellants.

Messrs. PEPPER & WILSON, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The declaration was in debt, and contained only one count. The instrument declared on was termed a writing obligatory, and when introduced in evidence, it appeared to be an ordinary penal bond, upon condition, and was signed by the principals, with a seal affixed, by their attorney, and a seal affixed to his name, as well as to the name of the surety. The bond must be regarded as the foundation of the suit, and no attempt has been made to declare upon a simple contract.

If the pleader intended to rely upon a contract not under seal, he should have so pleaded, in an appropriate form, or added other counts, under which such contract might have been admissible. A simple contract will not sustain a declaration upon a writing obligatory.

It is urged that the instrument did not need a seal, and that it was a mere promise of the agent, in behalf of his principals, that they would perform a certain act, and was as operative in law as if it had rested in parol.

The argument may be granted, and yet what force is there in it? The correctness of the principle may be admitted, that if the instrument would be effectual without a seal, the addition of one will not render an authority under seal necessary; and yet the difficulty is not overcome. Discard the seal; blot it out from the instrument sued on; and then the proof is entirely variant from the declaration. The introduction of a simple contract would be no proof of the execution of a bond. The action is debt on the bond. If the instrument offered is not the bond of the obligors, but a simple contract, the action can not be maintained.

Hence, there is no application to this case of the authorities cited by appellee.

In the case of *Lawrence* v. *Taylor*, 5 Hill, 107, the action was assumpsit, and a simple contract might properly be offered in evidence. Therefore, the court held that if the contract might be without deed, though the agent added a seal, and his authority was by parol, the contract might enure as a simple contract.

In this case, the plea of *non est factum*, sworn to, put in issue the execution of the bond. The agent had no authority, under seal, to make the bond, and there was no subsequent ratification by the principals, under seal.

The writing given by the agent was under seal. It had been acted upon and pleaded as a specialty. The authority to execute must be of equal dignity; and the principal can not ratify a bond executed by the agent without competent power, except by a writing under seal. These rules may be the result of technical reasoning, but the courts can not depart from or controvert them. *Mans* v. *Worthing*, 3 Scam. 26; *Bragg* v. *Fessenden*, 11 Ill. 544; *Hanford* v. *McNair*, 9 Wend. 55; *Blood* v. *Goodrich*, ib. 67.

In this case, a seal may not have been necessary to the validity of the contract; but it had been accepted by the obligee as a sealed instrument, and the entire pleading is made upon it as such. If an action of assumpsit had been brought, or the pleading had been of that character, so that the instrument might have been offered and regarded as a simple contract, we should not be disposed to apply the common law rule.

The principle established in *Lawrence* v. *Taylor, supra,* would then have great force, sustained as it is, and more fully discussed, in *Worrall* v. *Munn,* 5 N. Y. 229 (1 Selden, 229).

We must adhere to the rule, that the authority to execute the bond must be of equal dignity with the bond itself; or if ratification is claimed, that the instrument of ratification must be of equal dignity with the instrument ratified.

If an action of assumpsit, instead of debt, had been brought, the ratification of the act of the agent might have been insisted upon with some propriety.

We are compelled to reverse the judgment and remand the cause.

*Judgment reversed.*