THE HAVANA, RANTOUL AND EASTERN RAILROAD CO.

*v.*

PETER WALSH *et al.*

1. PARTY PLAINTIFF—*on contract by agent.* In the case of a simple contract, an undisclosed principal may bring an action in his own name, even though the agent contracts personally.

2. SAME—*on contract by one partner for the firm.* When one partner enters into a simple contract, though in writing, in his individual name, but in fact for his firm, although that fact is not known to the other contracting party, an action may be maintained on it in the name of the firm, by alleging that it was entered into by the firm by the name and style of the name of the one partner, each partner being the agent of the firm.

3. CONTRACT—*of the party bound.* Where a contract for the sale and delivery of railroad ties, in the beginning purports to be entered into by the president of a railway company, and recites that the other party is to furnish the ties to the company, and it is signed in the name of the company by its president, it will be construed as obligating the company to pay the price, although the president as agent promises, in the contract, to make payment.

4. SAME—*place of inspection of ties sold.* Where a written contract for the sale and delivery of railroad ties provides that the same shall be inspected before payment, and that they shall be loaded on the company's cars at a certain place, but is silent as to where the inspection shall be made, it may be shown that it was the understanding of the parties that the ties were to be shipped, and inspected where unloaded, and, when this is shown, a neglect to inspect a portion when delivered furnishes no excuse for delay in making a delivery before the inspection was had.

5. Measure of damages—*failure to deliver property sold, in proper time.* Where a party under an contract to sell and deliver railroad ties, neglects to commence their delivery in the time named in the contract, and to complete such delivery in time, without any sufficient excuse, and damages are shown in consequence thereof, a verdict for the full price of the ties delivered, without allowing any damages, can not be sustained.

Appeal from the Circuit Court of Vermilion county; the Hon. Oliver L. Davis, Judge, presiding.

Messrs. Evans & Swallow, for the appellant.

Messrs. Mann & Calhoun, for the appellees.

Mr. Chief Justice Sheldon delivered the opinion of the Court:

This was an action, brought by Peter Walsh and William U. Sweetzer, as partners doing business under the firm name of P. Walsh & Co., against the Havana, Rantoul and Eastern Railroad Company, upon a contract in writing, not under seal, for the sale and delivery of railroad ties to the railroad company.

As the contract purported to be entered into between the railroad company and William U. Sweetzer alone, and was signed by him alone, it is objected that Walsh and Sweetzer can not maintain an action upon the contract in their names.

The contract is declared upon as having been entered into by the plaintiffs by the name and style of William U. Sweetzer. The testimony was, that Walsh & Sweetzer were in partnership, at the time, in the timber and tie business, under the firm name of P. Walsh & Co., and that, in making the contract, Sweetzer acted for himself and Walsh, although that fact was not disclosed, and the defendant offered to prove that the contract was not made, or intended to be made, with the plaintiffs, but was made, and intended to be so, with Sweetzer individually, which proof was rejected. It is very clear that, in the case of a simple contract, an undisclosed principal may bring an action in his own name, where the agent contracts personally. 1 Chit. Pl. 9; *Taunton and South Boston Turn-*

*pike* v. *Whiting*, 10 Mass. 328; 1 Pars. Cont. 62; *Conklin* v. *Leeds*, 58 Ill. 178. Every partner is an agent of the partnership. It does not alter the case that the railroad company was unaware of the partnership, and supposed it was contracting with Sweetzer individually.

Under the proof, we regard the action as properly brought in the plaintiffs' names, and, in the mode the contract was declared upon, it was rightly received in evidence under the declaration.

It is said that the promise to pay for the ties is by B. J. Gifford, and there is no promise by the railroad company to pay for them. It is true, that, literally, the stipulation in the contract is: "The said B. J. Gifford hereby agrees to pay said Sweetzer the sum of eighteen cents each, for all ties furnished," etc.

But the contract, in the beginning, purports to be made between Sweetzer and B. J. Gifford, of the Havana, Rantoul and Eastern Railroad Company. It recites that Sweetzer agrees to furnish said Havana, Rantoul and Eastern Railroad Company seventy-five thousand railroad cross-ties, etc., and it is signed in the name of the railroad company, by Benjamin Gifford, president. The promise of Gifford is as agent and president of the company; and upon the whole contract, the proper legal construction is, that the railroad company made the promise to pay for the ties.

It is objected that there was no allowance to defendant of any damages for breach of contract in respect to the delivery of the ties. The contract was to furnish seventy-five thousand ties, the delivery to commence by the 25th of September, 1875, and to continue at the rate of eight thousand per week thereafter, unless otherwise ordered by Gifford. The promise was to pay eighteen cents each for all ties furnished in accordance with such agreement—ties to be paid for on or about the 15th of each month, and all to be subject to the inspection of the engineer of the company.

The evidence shows that no ties were delivered on the 25th of September, 1875, or afterward, until October 31, 1875,

when the first lot of them was delivered; that up to the middle of November, 1875, there had been delivered only about seventeen thousand eight hundred ties, and up to the 22d of December, some thirty thousand in the whole, which were all that were delivered.

There was an undisputed failure to deliver the ties in accordance with the terms of the contract. The defendant made proof that the failure to deliver the ties according to the contract, was a great damage to the company, the evidence showing the particulars of such damage in several ways. Yet, the jury found a verdict for the plaintiffs for the full price they claimed for all the ties delivered, without allowing to the defendant any damages whatever. Various, and somewhat inconsistent, excuses were assigned by the plaintiffs for the failure to comply with their contract, the sufficiency of which, certainly to the full extent, we do not regard as established by the evidence.

In not allowing the defendant any damages, we view the verdict as manifestly against the evidence.

Complaint is made of the refusal to give two instructions asked by the defendant. One of them we regard as substantially embraced in another instruction which was given for the defendant. The other refused instruction was:

"The court instructs the jury, that the contract offered in evidence in this case, does not provide for an inspection of the ties at Cole Creek, or at any other particular place; but that an inspection of the ties might be made at any place consistent with the understanding of the parties."

The contract provided that the ties were to be loaded in cars at Cole Creek, but was silent as to the place of inspection. The testimony showed it to be the understanding and agreement of the parties, that the ties were to be shipped to the other end of the line, and to be inspected when unloaded. As the witness Penfield, who had been sent to Cole Creek, by the company, to hurry up the delivery of the ties, did actually inspect, while there on the 25th of October, some nineteen hundred ties, at the request of Sweetzer, that circumstance is

made a point in the testimony of Sweetzer, that the company made no inspection until the 25th of October, and as that is relied on in the argument as in excuse for not delivering any ties before that time, we may well suppose that, from the way the case was presented to the jury, and no damages being allowed, they were misled to think the ties should have been inspected before being loaded in the cars, and that they accepted the fact of making no inspection of ties before October 25, as an excuse for the failure to deliver any ties before that time. We think the instruction was material and that it should have been given.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*