DAVID WALSH

*v.*

FRANCIS T. MURPHY *et al.*

*Filed at Ottawa June 8, 1897.*

1. CONTRACTS—*wife not bound, as undisclosed principal, by sealed contract executed by husband.* A wife cannot be bound, as an undisclosed principal, by a contract under seal executed by her husband as principal and purporting to be in his own behalf, even though the contract would have been valid without a seal.

2. MECHANICS' LIENS—*under act of 1874 no lien exists unless contract is with owner of land.* Under the act to revise the Mechanic's Lien law, (Rev. Stat. 1874, p. 884, sec. 1,) a mechanic's lien is given only when the labor or materials are furnished under a contract with the owner of the land on which the labor or materials are bestowed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

JOHN MAYO PALMER, and L. A. McDONALD, for appellant:

Where a contract is one which does not require a deed for its validity, the unnecessary and unauthorized addition of a seal does not change its legal character; and prior parol authority for its execution, or subsequent parol ratification of acts done under it, binds the principal and makes it his contract. *Love* v. *Sierra Nevada, etc. Co.* 32 Cal. 654; *Dean* v. *Roesler*, 1 Hilt. 421; *Wood* v. *Railroad Co.* 8 N. Y. 167; *Ford* v. *Williams*, 13 id. 585; *Haight* v. *Sahler*, 30 Barb. 223; *Bellinger* v. *Bentley*, 4 Thomp. & Con. 74; *State* v. *Railroad Co.* 8 S. C. 129; Mechem on Agency, secs. 95, 141; *Hammond* v. *Hannin*, 21 Mich. 374; *Adams* v. *Power*, 52 Miss. 828; *State* v. *Shaw*, 28 Iowa, 67; *Holbrook* v. *Chamberlain*, 116 Mass. 15; *Drumright* v. *Philpot*, 16 Ga. 424; *Bless* v. *Jenkins*, 129 Mo. 647; *McDonald* v. *Eggleston*, 26 Vt. 154.

When a sealed contract has been executed in such form that it is, in law, the contract of the agent and not

of the principal, but the principal's interest in the contract appears upon its face, and he has received the benefit of performance by the other party and has ratified and confirmed it by acts *in pais*, and the contract is one which would have been valid without a seal, the principal may be made liable in assumpsit upon the promise contained in the instrument, which may be resorted to to ascertain the terms of the agreement. *DuBois* v. *Canal Co.* 4 Wend. 285; *Evans* v. *Wells*, 28 id. 324; *Lawrence* v. *Taylor*, 5 Hill, 107; *Randall* v. *VanVechten*, 19 Johns. 60; Story on Agency, par. 277; 1 Am. Lead. Cas. 735, note.

WILLIAMS, LINDEN, DEMPSEY & GOTT, for appellees:

A principal cannot ratify a bond executed by an agent without competent power, except by a writing under seal. *Maus* v. *Worthing*, 3 Scam. 26; *Bragg* v. *Fessenden*, 11 Ill. 544; *Hanford* v. *McNair*, 9 Wend. 55; *Blood* v. *Goodrich*, id. 67; *Ingraham* v. *Edwards*, 64 Ill. 526.

A covenant cannot be sued upon by the person for whose benefit it is made if he is not a party to the deed, but the suit must be brought in the name of the person with whom the covenant is made. *Moore* v. *House*, 64 Ill. 162; *Gautzert* v. *Hoge*, 73 id. 30.

A contract under seal made by an agent will not bind the principal unless made in the name of the principal, and extrinsic evidence is inadmissible to show the principal. Brown on Parol Evidence, 25; *Briggs* v. *Partridge*, 64 N. Y. 357; *Kersted* v. *Railroad Co.* 69 id. 343; *Providence* v. *Miller*, 11 R. I. 272; *Shaefer* v. *Henkel*, 75 N. Y. 378; *Jackson* v. *Miller*, 6 Wend. 228.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court reversed a decree obtained by appellant in the circuit court of Cook county, establishing a mechanic's lien in his favor against premises which appellees purchased after the lien was claimed to have

attached to the property. The cause was not remanded, and appellant has brought the case here, asking a reversal of the judgment of the Appellate Court and an affirmance of the decree of the circuit court in his favor.

Annella Rood was the owner of the premises when the contract was made and the material and labor furnished by appellant. She commenced to construct an apartment building on the property through the agency of her husband, Francis D. Rood, and on March 1, 1893, appellant and said Francis D. Rood entered into a written agreement of that date, under their hands and seals, by which appellant covenanted and agreed to superintend; manage and carry on the plumbing, gas-fitting and sewering for the building, to buy all material in his own name and contract for all labor, and Francis D. Rood covenanted and agreed to pay appellant seven and one-half per cent on the total cost of all labor and material used in said plumbing, gas-fitting and sewering, and to pay for all the material and labor. The instrument did not purport to be entered into on behalf of Annella Rood, the owner of the premises, nor did the fact of her ownership or her husband's agency appear in any manner in it, but it purported to be made and entered into by him as principal. Aside from the form of the instrument, appellant in fact dealt with Francis D. Rood as principal and owner of the property, and did not learn that Annella Rood was the owner until after he quit work, when he ascertained the fact by his solicitor's examination of the abstract of the record.

Various errors questioning the validity of appellant's claim to a lien were assigned in the Appellate Court, but that court noticed only one of them, which was, that the contract, being under seal and signed by Francis D. Rood only as principal, could not be made the foundation for a lien upon the land.

Section 1 of an act to revise the law in relation to liens, in force July 1, 1874, under which the lien is claimed,

gave the right to a lien only where labor or material was furnished by contract with the owner of the land. (*Campbell* v. *Jacobson*, 145 Ill. 389.) If Annella Rood was a party to this contract as an undisclosed principal, so as to give a right of action against her, then appellant was entitled to a lien, but if it was not a contract with her, then the judgment of the Appellate Court was right.

The rule in regard to instruments under seal made by an agent is, that in order to bind the principal and to make it his contract it must purport on its face to be his contract and the seal must purport to be his. An agent cannot ordinarily bind the principal by a sealed contract executed in his own name, nor can the principal ordinarily avail himself of such a contract and sue the other contracting party thereon. An undisclosed principal whose authorized agent has made such a contract in his behalf can neither sue nor be sued on it. (Story on Agency, secs. 147-154, 160; Bishop on Contracts, secs. 426, 1070; 1 Parsons on Contracts,—5th ed.—54, 468; Anson on Contracts, 348; Dicey on Parties to Actions, 134, 252; 1 Am. & Eng. Ency. of Law,—2d ed.—1036.) This rule was laid down in this State as early as 1827, in *Mears* v. *Morrison*, Breese, 223. In that case William Morrison was sued on an instrument under seal signed "Guy Morrison, agent," and dated June 17, 1818, by which he sold to William Mears, plaintiff, the time that a negro girl named Harriet, and her children, had to serve the defendant, William Morrison, she being a daughter of a servant of said Morrison, indentured under the laws of the territory of Illinois concerning the indenturing of slaves. The trial court arrested the judgment upon the ground that the instrument declared on created no liability on the defendant, William Morrison. This was held to be right because the covenant was that of Guy Morrison, the agent, and the seal was not the seal of William Morrison. The rule has since been applied in *Moore* v. *House*, 64 Ill. 162, *Gautzert* v. *Hoge*, 73 id. 30, and *Harms* v. *McCormick*, 132 id.

104; and in this last case it was said that the rule was not abrogated by section 19 of the Practice act, which provides additional forms of action upon sealed instruments. In *Campbell* v. *Jacobson, supra,* where the appellant sought to establish a mechanic's lien on the land of Fanny Jacobson under a sealed contract made by Morris Jacobson, her husband, it was intimated that the wife could not be held liable as an undisclosed principal, but the cause was decided on other grounds. A different rule prevails as to contracts not under seal, and as to such contracts, if the nature and circumstances of the transaction show an intention to bind the principal and not the agent, effect will be given to such intention.

The fact that the contract made by Francis D. Rood would have been valid without a seal, and that therefore the authority to execute it might be by parol, is immaterial. The method of conferring authority or of ratifying the contract does not change the rule. The cases cited by appellant related to that question. In *Peine* v. *Weber,* 47 Ill. 41, the lease sued upon was executed under seal by a member of a firm in the firm name, and purported to be the instrument of the firm. The case of *Ingraham* v. *Edwards,* 64 Ill. 526, was where the instrument was signed in the name of the principal.

This case does not come within any exception to the rule, where the contract creates an implied obligation on the part of the principal. No lien is created except by statute, and there could be none unless the contract was with the owner, and, as we have seen, this contract was not with the owner. She could not have had any right of action upon it against appellant for a failure to perform it or on account of the manner of its performance, nor could any action be maintained against her under it. It follows that there was no lien acquired, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*