H. D. DAUGHERTY *et al.*

*v.*

MARTIN HECKARD *et al.*

189   239
112a  4577

*Opinion filed February 20, 1901.*

1. CONTRACTS—*contract for furnishing brick to public contractor construed.* A provision in a contract to furnish brick required by a contractor on a public improvement, whereby the contractor agrees to pay for the brick within sixty days after bonds for the payment of the public contract have been delivered to him by the city, does not make his liability for the price of the brick depend upon his receiving "valid, merchantable bonds" from the city, but, on the contrary, he is absolutely liable therefor, and any loss due to the city's failure to make payment must fall on him, and not upon the parties furnishing the brick under the contract.

2. EVIDENCE—*admissibility of parol evidence to show that contract is a partnership obligation.* In an action on a written instrument signed by one person, parol evidence is competent to show that the contract is that of a partnership, and that the firm entered into the contract in the name and style of the individual who signed.

3. SAME—*admissibility of declarations to show the fact of partnership.* In an action by a third person against others as co-partners, where the existence of the partnership is denied, declarations of either alleged partner tending to show the fact of the partnership and that the contract in suit is a partnership obligation are admissible against the declarant, but not admissible against the other alleged partner unless made in his presence or assented to by him.

4. SAME—*when declarations of alleged partners are admissible though not made in each other's presence.* If the existence of a partnership relation has been *prima facie* established, acts and declarations of the alleged co-partners, though not done or made in each other's presence, are admissible in aid of the *prima facie* case.

5. TRIAL—*permitting leading questions is discretionary with the court.* Permitting leading questions is a matter within the sound discretion of the court, although a manifest and injurious abuse of such discretion may be corrected by an appellate tribunal.

6. PARTNERSHIP—*parties not in fact partners may be liable as such to third persons.* Since parties may so conduct themselves as to become liable to third persons as partners though they are not partners in fact, it is not essential in an action against them by a third person, that an instruction defining partnership should be as comprehensive and accurate as when the issue is between the alleged co-partners themselves.

*Daugherty* v. *Heckard,* 89 Ill. App. 544, affirmed.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Fulton county; the Hon. John J. Glenn, Judge, presiding.

Stevens & Horton, H. W. Masters, and Lucien Gray, for appellants:

In a case close in its facts it is essential that all instructions be accurate and state the law correctly. *Craig* v. *Miller,* 133 Ill. 300; *Railroad Co.* v. *Cline,* 135 id. 43.

Where the evidence is conflicting each party has the right to have the jury clearly and accurately instructed as to the law of the case. *Holloway* v. *Johnson,* 129 Ill. 367; *Insurance Co.* v. *Crawford,* 89 id. 62.

Where a partnership is denied by one of the persons sued he cannot be proved a partner by the acts or declarations of those claimed to be partners. *Hahn* v. *Insurance Co.* 50 Ill. 456; *Gardner* v. *Northwestern Manf. Co.* 52 id. 367; *Bowen* v. *Rutherford,* 60 id. 41; *Bishop* v. *Georgeson,* id. 484; *Conlan* v. *Mead,* 172 id. 13; *Vanderhurst* v. *DeWitt,* 95 Cal. 57.

A person who is not named in or bound by the terms of a written contract cannot be rendered liable on it by parol evidence of an intention that he should be bound, where he was known to and in direct communication with the obligee when the contract was executed. *Ferguson* v. *McBean,* 91 Cal. 63.

Where parties reduce a contract to writing, the law conclusively presumes that the whole terms of their agreement are correctly expressed in writing. *Abrams* v. *Pomeroy,* 13 Ill. 137; *McCormick* v. *Huse,* 68 id. 319; *Ryan* v. *Cooke,* 172 id. 307; *Heiser* v. *Heiser,* 145 id. 669.

Mere receipt of part of the profits of the business does not constitute one a partner. *Williams* v. *Fletcher,* 129 Ill. 356; *Linter* v. *Milliken,* 47 id. 178; *Grinton* v. *Strong,* 148 id. 587; *Smith* v. *Knight,* 71 id. 148; *Adams* v. *Funk,* 73 id. 219.

Even as to third persons a partnership is not constituted by the mere fact that two or more persons partici-

pate in or are interested in the net profits of a business, but the existence of such partnership implies also the existence of such a relation between such persons as that each is a principal and each an agent for the other. *Foug-ner* v. *Bank*, 141 Ill. 124; 17 Am. & Eng. Ency. of Law, 829.

Chiperfield, Grant & Chiperfield, for appellees:

The sufficiency of the proof of partnership, adduced as a foundation for proving against one partner an admission made by the other, is a preliminary question for the court. But the court may, in its discretion, allow the admission to be proved first. Abbott on Trial Evidence, (2d ed.) 270.

Where partners sue on a simple contract made with a member of the firm in his own name, they may show by parol that the contract was made by him for the firm. *A fortiori*, persons suing a partnership under similar circumstances may show who is bound. Abbott on Trial Evidence, (2d ed.) 254.

Where, in a suit against two or more persons as partners, sufficient evidence has been introduced to raise a fair presumption of the existence of the partnership, the acts and declarations of each are admissible against the others to strengthen the *prima facie* case already made. *Conlan* v. *Mead*, 172 Ill. 13; Lindley on Partnership, secs. 86, 87; 1 Greenleaf on Evidence, sec. 177.

Where a person suffers his name to be used in a business or otherwise holds himself out as a co-partner, he is to be so treated whether he is so or not. *Poole* v. *Fisher*, 62 Ill. 181; *Fisher* v. *Bowles*, 20 id. 396; *Ellis* v. *Bronson*, 40 id. 455; *Wheeler* v. *McEldowney*, 60 id. 358; *Smith* v. *Knight*, 71 id. 148.

If a person should expressly hold himself out as a partner, and thereby induce the public or particular persons to give credit to the partnership, he would be liable as a partner for the debts so contracted although really not a partner. Story on Partnership, sec. 65.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

Appellees brought an action in assumpsit in the Fulton circuit court against appellant H. D. Daugherty and ·Charles H. Martin, (since· deceased,) as partners under the name· and style of H. D. Daugherty, to recover on a written contract for the sale and delivery of certain paving brick, and recovered a judgment in the sum of $9113.72. On appeal prosecuted by the appellants the judgment was affirmed by the Appellate Court for the Third District, and the cause comes into this court on ·the further appeal by the same appellants.

In the trial court pleas duly verified were filed denying the defendants were co-partners.

The insistence the court erroneously sustained a demurrer to the fourth plea (called by counsel the additional plea) and also to the appellants' rebutter to the appellees' third sur-rejoinder is not tenable. These demurrers involve the same legal principle and will be treated and disposed of together.

The agreement on which the action is brought is as follows:

"These articles of agreement, made and entered into this 28th day of July, A. D. 1896, by and between H. D. Daugherty, party of the first part, and Martin Heckard, James Heckard and John Heckard, partners under the firm name and style· of Heckard & Sons, parties of the second part, each of said parties being of the city of Canton, Illinois:

"*Witnesseth:* That the party of the second part agrees to and with the party of the first part to furnish to said party of the first part such quantity of paving brick, said brick to be in accordance with the specifications of the city engineer of the city of Canton and the ordinances of said city, as the said party of the first part may require to complete the street paving provided for by the ordinances of the city of Canton, and which improvement has been contracted for by the said first party and the said city of Canton, Illinois, the same being by contracts now on file in the office of the city clerk of the city of Canton, Illinois, which are referred to for greater certainty

and made by reference a part of this contract. Said second party is to deliver the brick aforesaid to the first party upon the line of work, at such place and in such quantity and at such time as the party of the first part may direct. In each of the districts created by ordinance of said city of Canton where the first party may direct, the second party shall have all the brick that may be required for the completion of the work in that district upon the ground where directed by the first day of September, A. D. 1896, and in other districts all of said brick shall be delivered in like manner by October 1, 1896. Should any of the said districts or the proceedings for confirmation be dismissed or the said confirmation of the assessment roll therein be refused, such district is not to be considered as being included in this contract but expressly reserved therefrom. Should the second party cause delay on the part of the party of the first part in any of the districts above referred to, by reason of failing to deliver the brick above contracted for as fast as they may be demanded by the party of the first part, it is mutually agreed between the parties hereto that the second party will cause to be paid to the first party the sum of $25 per day, or each fraction thereof, that the said work may be delayed, this sum being agreed upon as stipulated damages. The party of the first part agrees to and with the said party of the second part, that within sixty days after bonds for the payment of the contract above referred to are delivered to him in any district above referred to, that he will cause to be paid to the party of the second part the sum of seventy-one cents per square yard, according to the engineer's estimate for both courses of brick laid in said district.

"In witness whereof the respective parties hereto have hereunto affixed their hands and seals this 28th day of July, A. D. 1896.        · H. D. DAUGHERTY,    [Seal.]
HECKARD & SONS.    [Seal.]"

The said plea and said rebutter were to the effect that under the contract payment for the brick was to be made sixty days after bonds of the city of Canton were delivered to defendants, (appellants,) and that the "city was not, nor is, able to deliver valid, merchantable bonds, and none such have been delivered."

These pleadings of the appellants proceed upon the erroneous idea that under the contract the right of the

appellees to receive payment for the brick was dependent on the collection by the appellants of the amount to become due them from the city in "valid, merchantable" bonds. As we construe the contract, the liability of appellants to pay for the brick was absolute, and that the loss, if any, arising out of any failure on the part of the city to pay for the paving of its streets according to its contract with appellants was the loss of the appellants, —not of the appellees. If, by reason of the stipulations of the contract, an obligation on the part of the appellees arose to delay demand for the payment of the brick until the expiration of the period of sixty days after the appellants should become entitled to receive and should receive the bonds of the city in pursuance of their contract with the city, the allegations of the plea and rebutter that the said city was not, nor is, able to deliver valid, merchantable bonds for the work done by appellants under the contract, would absolve appellees from all obligation to delay demand for payment after the expiration of sixty days after the time appellants were entitled to receive the bonds from the city under the contract with the city. It was alleged in the different counts of the declaration, either that the appellants had received the bonds from the said city or that the city had tendered them the bonds; therefore the allegations of the plea and rebutter that the city was not able to deliver valid, merchantable bonds offered but an immaterial issue, as the right of the appellees to the compensation provided by the contract with appellants did not depend upon the validity of such bonds, or whether the appellants recovered from the city, by bonds or in any other manner, the compensation which they were entitled to receive from the city for the work done and material furnished in paving the streets of the city.

The contract sued upon purports to have been made by H. D. Daugherty only, but the position of the appellees was that said Martin and said Daugherty were co-

partners in the enterprise of paving certain streets in the city of Canton under a contract with the city, and that they, as such co-partners, contracted with appellees for the brick to be used in paving the streets, and entered into the written contract as co-partners, under the firm name and style of H. D. Daugherty, and in that name executed the contract in behalf of the firm. In actions against the members of a firm on instruments signed by the firm name, parol evidence to show who are the persons composing the firm is always admissible, and in nowise controverts the rule that parol evidence is inadmissible to contradict, vary or alter a written instrument. The firm name is such as the co-partners choose to adopt. It may disclose the names of all the partners or of none of them, or the name of but one of them may be used as the firm name. (17 Am. & Eng. Ency. of Law, 914.) Where a written instrument bears the name of but one person, presumably it is the undertaking of that person; but it is competent to establish by parol proof that the contract is that of the co-partnership and that the firm entered into the contract in the name and style of the individual. (*Havana, Rantoul and Eastern Railway Co.* v. *Walsh*, 85 Ill. 58; *Barker* v. *Garvey*, 83 id. 184; 1 Am. & Eng. Ency. of Law,—2d ed.—1140; Abbott's Trial Evidence,— 2d ed.—254.) When, as here, the action is by a third person against others as co-partners, and the existence of the co-partnership is denied, the declaration of either of the alleged co-partners tending to establish the existence of a co-partnership, and that the contract in question is that of the firm in the name of one only of the partners, is admissible as against the party making the declaration, but primarily not admissible as against the other alleged partner unless made in the presence of such other or assented to by him. If the existence of the alleged co-partnership be *prima facie* established by other evidence than the declaration of either of the alleged co-partners, or by such declaration of one of the part-

ners made in the presence and hearing of the other, then the acts and declarations of each of them, though not in the presence and hearing of such other, may be proven in aid of the *prima facie* case. (*Gordon* v. *Bankard*, 37 Ill. 147; *Conlan* v. *Mead*, 172 id. 13; 17 Am. & Eng. Ency. of Law, 1316-1320.) The rulings of the trial court upon questions of the admissibility of testimony upon this branch of the case were in accord with these legal principles, and therefore not open to the objection urged against them.

The complaint that statements of the alleged co-partners not in the presence of each other were admitted in evidence before the existence, *prima facie*, of a partnership had been otherwise established, cannot avail to warrant a reversal on the ground, merely, that such evidence was received prematurely. Aside from such statements, we find evidence abundantly tending to establish the existence, *prima facie*, of the partnership, and think such *prima facie* proof was presented in proper order of admission and was followed by the proof as to the declarations of the individual defendants. But even if such declarations were received prematurely, the error would not demand reversal, the *prima facie* proof having been produced in the further course of the trial.

We have carefully examined the contention that the cause of the appellants was prejudiced by leading and suggestive questions propounded to witnesses by counsel for appellees. Counsel for appellees disclosed a tendency to so frame interrogatories as to provoke this objection; but even leading questions may, at times, be properly propounded, as to a hostile witness, or to one who is evasive or dull of comprehension, of immature mind, or disposed to indulge in long, rambling statements, or whose recollection questions in the general form do not serve to direct to the subject matter of the inquiry, or, perhaps for other reasons. The propriety of admitting or excluding leading questions is within the sound discretion of

the trial court. In some of the States this discretion is not subject to review; in others the rule is that a manifest and injurious abuse of the discretion may be corrected in the courts having appellate jurisdiction. (8 Ency. of Pl. & Pr. 84.) The latter rule obtains in this court. (*Weber Wagon Co.* v. *Kehl*, 139 Ill..644; *Funk* v. *Babbitt*, 156 id. 408.) We have examined the interrogatories pointed out by counsel in support of this objection, and we are unable to say these rulings were not within the bounds of the discretion vested in the trial judge, or that the answers to such questions were prejudicial in character to the cause of the appellants, save, perhaps, in one instance, and in that the court afterwards expressly withdrew the testimony from the consideration of the jury.

The complaint that the definition given of a co-partnership in instruction No. 5 given in behalf of appellees is not accurate and comprehensive as an abstract definition of a partnership, if conceded, would not be sufficient to warrant a reversal of the judgment. The question in the case was not whether the relation which existed between the appellants was, as between themselves, that of co-partnership, but whether they were partners as to appellees. "Persons may be co-partners as to third parties and brought within all the liabilities of such relation as to them, who are not, as between themselves, partners." (*Lycoming Ins. Co.* v. *Barringer*, 73 Ill. 230; *Bushnell* v. *Consolidated Ice Machine Co.* 138 id. 67.) The court would have been fully warranted in refusing to direct the jury that the defendants could not be held liable as partners unless all of the requisite elements of that relation had been shown to exist. In *Phillips* v. *Phillips*, 49 Ill. 437, we said (p. 438): "Parties may so conduct themselves as to be liable to third persons as partners, when, in fact, no partnership exists as between themselves. The public are authorized to judge from appearances and professions, and are not absolutely bound to know the real facts, while the certain truth is positively known to the alleged

parties to a firm.   A partnership can only exist in pursuance of an express or implied agreement to which the minds of the parties have assented."   When the issue is whether parties are, as between themselves, co-partners, then it may become important to consider whether all of the elements of the relation exist, and in that event accuracy in an attempt to define the relation would become important.   But such strictness is not essential where a third party is endeavoring to establish that other persons are liable to him as co-partners.   17 Am. & Eng. Ency. of Law,—1st ed.—p. 1316.

Instruction No. 21 in behalf of appellees was intended to direct the jury as to the application of the rule of law creating liability as a partner to third persons, and it is complained that the instruction warranted the jury in regarding the defendant Martin (deceased) as a partner of appellant Daugherty because he had held himself out as such, whether or not such alleged holding out was to the appellees.   This criticism of the instruction is not merited.   The language of the instruction on this point is: "If you believe, from a preponderance of the evidence, that the said Martin did procure the said plaintiffs to execute the said contract with the said H. D. Daugherty, and that at such time the said Charles H. Martin did hold himself out as a partner," etc.   Nor does the instruction, as it is urged, authorize the jury to hold the defendant Martin (now deceased) liable as a partner whether or not the appellees, in making the contract, relied on such apparent partnership.   The liability referred to in the instruction is only such as should arise out of the action taken by the appellees in pursuance of the representations or "holding out" of the appellant Martin.   These observations dispose also of the criticisms urged against the correctness of instruction No. 30.

We do not assent to the view urged by counsel for appellants as to instruction No. 22, that it may be construed to advise the jury that the acts, declarations or language

of either of the appellants may be considered in determining whether the other was a partner. The instruction purports to deal only with such acts and declarations as were of binding force against both defendants within the rule hereinbefore announced as governing that question. The only reference in the instruction to the appellants separately, is to the effect that if the co-partnership has been shown to exist the appellees would have the right to deal or contract with either of the partners.

It is but in justice to the trial judge we should remark, that though thirty and more instructions were requested by appellees, and that we have referred to an instruction as being numbered 30, the trial judge did not permit such number of instructions to go to the jury. The judge very properly selected out of those prepared such as were required to aid the jury and fairly elucidate the questions of law involved, and refused the others. The instructions so given were suffered to retain the numbers given them originally by counsel, and are so designated in the record.

On the part of the appellants the jury were fully and clearly instructed with reference to all the points as to which counsel for appellants have sought to urge the instructions given on behalf of the appellees were deficient, and also were advised correctly and with much detail instructed as to every principle of law favorable to the appellants which was involved in the proceeding. The instructions asked in behalf of appellants and refused contain nothing proper to be given not already included in the instructions that were given in that behalf. The only substantial contest in the case was as to the facts relied on by appellees to support the position the appellants were co-partners as to appellees. The judgment of the circuit court, affirmed in the Appellate Court, conclusively determined that contest against appellants.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*