(No. 21247—

ROSE BEILIN, Exrx., Appellant, *vs.* KRENN & DATO, Inc., Appellee.

*Opinion filed October 22, 1932—Rehearing denied Dec. 7, 1932.*

HAROLD A. FEIN, and ARTHUR C. BACHRACH, for appellant.

ROBERT J. HILLIARD, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Rose Beilin, individually and as executrix of the will of Louis Beilin, deceased, instituted an action in assumpsit against Krenn & Dato, Inc., in the superior court of Cook county. The court heard the cause without a jury and rendered a judgment against the defendant for $9518.04. Upon an appeal to the Appellate Court the judgment was reversed without a remanding order. That court made a certificate of importance granting an appeal to this court.

The suit was brought to recover payments of $8089.60, and interest thereon, made to defendant by plaintiff and her husband, Louis Beilin, who died before the suit was filed, upon two contracts for the purchase of certain real estate in Cook county in what is known as Devonshire Manor. The parties to the contracts are therein described as "Devonshire Manor Realty Trust, of which Chicago Title and Trust Company is trustee, party of the first part, (herein-

after called first party,) and Louis Beilin and Rose Beilin, of Chicago, Illinois, party of the second part, (hereinafter called the second party)." The contracts were signed:

"DEVONSHIRE MANOR REALTY TRUST,
of which the Chicago Title and Trust Company is Trustee,
By Claude C. Phillips, *Ass't Manager,*
*First Party,*

LOUIS BEILIN, (Seal.)
ROSE BEILIN, (Seal.)
*Second Party."*

Plaintiff contends that the vendor described in the contracts is not a living person, partnership, corporation, or, in fact, any legal entity, and therefore the contracts are void for want of a vendor and for lack of consideration. Defendant answers this contention by saying that "Devonshire Manor Realty Trust, of which Chicago Title and Trust Company is Trustee," is a trade name adopted by the trustees of the Edith Rockefeller McCormick Trust.

The related facts are: On October 1, 1923, Edith Rockefeller McCormick, Edwin D. Krenn and Edward A. Dato, as subscribers on behalf of themselves and such others as may become certificate holders, entered into an agreement and declaration of trust creating the Edith Rockefeller McCormick Trust and designating the above named three persons as its trustees. The trust was organized to engage in business of all kinds, either directly in the name of the trust or through subsidiary corporations, trusts or other organizations which might be purchased, organized or controlled by the trustees named therein, including the business of acquiring, subdividing and selling real property, together with other enterprises not necessary to be named here. Said trustees purchased a tract of land embracing the lots mentioned in the Beilin contracts, and by direction of the trustees the title was conveyed to Edward A. Dato as trustee for the Edith Rockefeller McCormick Trust. On June 2, 1926, another trust agreement was entered into by

Edith Rockefeller McCormick, Edwin D. Krenn and Edward A. Dato as trustees under the Edith Rockefeller McCormick Trust, party of the first part, the Chicago Title and Trust Company, a corporation, as trustee, party of the second part, and Edward A. Dato, manager, and Claude C. Phillips and other parties named therein assistant managers, parties of the third part. It recites that the first party is the owner in fee of certain real estate, including the lots embraced in the Beilin contracts, and has caused the title to be conveyed to the Chicago Title and Trust Company as trustee in order to facilitate the sale and disposition of the same; that the Chicago Title and Trust Company agrees that it will hold such title in trust, subject to all the terms of the trust agreement. It further provides that the trust estate thereby created shall be known as the Devonshire Manor Realty Trust, and its function and purpose shall be the management, improvement and disposition of the premises for the benefit of the first parties or the owners of their interests; that the manager shall have the exclusive management and control of the property for the purpose of disposing of it; that "all contracts to be made or executed by the manager shall be made in the name of Devonshire Manor Realty Trust, of which Chicago Title and Trust Company is trustee;" that all powers delegated to the manager are also delegated to the assistant managers named; that it shall be the duty of the trustee, when ordered by the manager, to convey the whole or any part of the property; that all moneys received by the trustee shall be turned over to the manager; that the interest of the beneficiaries during the continuance of the trust shall consist solely of the right to receive from the manager the net proceeds of sales, and such right in said proceeds shall be deemed to be personal property; that the trust may be terminated at any time prior to its expiration date by a written instrument signed by the beneficiaries, delivered to the trustee, and that upon such termination all undisposed of property

shall be forthwith conveyed to the beneficiaries. On October 9, 1925, Krenn & Dato, Inc., by written appointment was constituted the agent of the Edith Rockefeller McCormick Trust to subdivide, market and sell the property known as the Devonshire Golf Course, which included the lots purchased by plaintiff and her husband, and to make collections in connection therewith. The appointment states that the property will be handled through the usual trust agreement with the Chicago Title and Trust Company. Krenn & Dato, Inc. on September 20, 1926, entered into a preliminary contract with Mr. and Mrs. Beilin for the sale of said lots, which contract acknowledged receipt of $100 on the purchase price. Payments on the final contracts were made at various times by plaintiff and her husband to Krenn & Dato, Inc., and were turned over, as soon as received, to the Edith Rockefeller McCormick Trust. The improvements mentioned in plaintiff's contracts were installed and paid for by said trust. Upon the trial defendant tendered plaintiff deeds to the two lots from the Chicago Title and Trust Company, trustee, with owner's guaranty policies. The tender was made on condition that the balance of the purchase price be paid.

The facts convince us that the vendor was a legal entity. The vendor consisted of three living persons doing business under a trade name. They were Edith Rockefeller McCormick, Edwin D. Krenn and Edward A. Dato, as trustees of the Edith Rockefeller McCormick Trust. One may, if he desires, adopt for the transaction of his business a business name or style entirely different from his own proper name, and when he enters into any contract under such adopted name he will be bound as effectually as though he had used his own name. In such case the adopted name is equivalent, in law, to the actual name of the party. (*Union Brewing Co.* v. *Interstate Bank,* 240 Ill. 454; 1 Daniel on Neg. Inst. (4th ed.) p. 307.) There is no legal inhibition to the exercise of a like power by the trustees of a

trust created for business purposes. *Rand* v. *Farquhar*, 226 Mass. 91; *Venner* v. *Chicago City Railway Co.* 258 Ill. 523.

Plaintiff insists that the Devonshire Manor trust agreement is what is commonly known as a Massachusetts trust, and that the trustees of the Edith Rockefeller McCormick Trust are divested of all title to or control of the property of the Devonshire Manor Realty Trust; that their interest consists solely of the right to receive the net proceeds of sales as personal property; that they are not bound by said sales contracts and plaintiff has no remedy against them as vendors. In this case no management or control of the property is vested in the Chicago Title and Trust Company as trustee of the Devonshire Manor Realty Trust but it is merely the holder of the legal title, with no authority and no duty to perform except to convey at the direction of the manager and pay to him all moneys received by it. All contracts are to be executed by the manager or his assistants and the net proceeds of all sales are to go to the beneficiaries, who retain the right to terminate the contract at any time. The Devonshire Manor Realty Trust is a trade name adopted by the trustees of the Edith Rockefeller McCormick Trust under authority of the declaration of such trust and intended to facilitate the transaction of their business in connection with the Devonshire Manor Trust property. As such trustees they are the real vendors in the two sales contracts in controversy. The manager of the Devonshire Manor Realty Trust is not authorized to act for or on behalf of the trustee, the Chicago Title and Trust Company. The only other parties for whose benefit or on whose behalf he could act under the trust agreement are the trustees of the Edith Rockefeller McCormick Trust. The manager is the agent of such trustees. His acts as such are in their behalf, and it follows that they are bound by them. By their contracts made through the manager they agreed, as such trustees, under their adopted trade name, to convey the lots in controversy to the vendees upon their

complying with certain terms. It is of no consequence that the legal title was in the Chicago Title and Trust Company as trustee. That feature was merely a part of the general plan of the trust. The agreement to convey fixed the responsibility of the vendors. *White* v. *Bates,* 234 Ill. 276.

Plaintiff claims that if the trustees of the Edith Rockefeller McCormick Trust are the real vendors they are undisclosed principals, and that the contract cannot, therefore, be enforced either by or against them. The circumstances disclosed by the record do not bring this controversy within the doctrine relating to undisclosed principals. It has been held in cases where an agent entered into a sealed contract in his own name and there is nothing in the contract to indicate that any other person was interested in it as principal such undisclosed principal cannot sue or be sued on it. (*Walsh* v. *Murphy,* 167 Ill. 228.) The name of the principal in the contracts is stated to be the Devonshire Manor Realty Trust, a trade name adopted by the trustees of the Edith Rockefeller McCormick Trust. It is therefore competent to show the identity of the persons who adopted it. It is always permissible to show by parol evidence the identity of persons who have entered into a contract under a business or trade name, whether the instrument is a simple contract or under seal. (*Daugherty* v. *Heckard,* 189 Ill. 239; *Northwestern Distilling Co.* v. *Brant,* 69 id. 658.) Permitting parol evidence to identify the persons composing a firm is admissible and does not controvert the rule that parol evidence is not admissible to contradict, vary or alter a written instrument. *Daugherty* v. *Heckard, supra.*

The sale contracts are not invalid or unenforceable for any of the reasons urged by plaintiff.

The judgment of the Appellate Court is correct and is accordingly affirmed.

*Judgment affirmed.*