## Mark S. Remington, Appellee, v. Krenn and Dato, Inc., Appellant.

### Gen. No. 38,665.

Opinion filed March 30, 1937. Rehearing denied April 13, 1937.

WILHARTZ, HIRSCH & SCHANFARBER, ROBERT J. HILLIARD and CONCANNON & DILLON, all of Chicago, for appellant; ARTHUR WOLF and EUGENE H. NIRDLINGER, both of Chicago, of counsel.

OWENS & OWENS, of Chicago, for appellee; THOMAS L. OWENS and VINCENT G. RINN, of Chicago, of counsel.

Mr. Justice Scanlan delivered the opinion of the court.

In a trial by the court the issues were found for plaintiff and his damages were assessed at $14,638.40. Defendant appeals from a judgment entered upon the finding.

The declaration contained four money counts, but as the affidavit of claim states that there was due plaintiff from defendant the sum of $13,275.99 for money had and received by defendant at various times from August 6, 1925, to December 5, 1931, the one for money had and received is the only one that need be noticed. Plaintiff later filed an affidavit of assignment, which states that the cause is an action arising out of a certain instrument in writing dated August 6, 1925, between Albany Avenue Realty Trust, of which Chicago Title and Trust Company is trustee under Trust No. 15,065, and Max F. Schwarze and Rose Schwarze; that plaintiff is the actual *bona fide* owner of said chose in action, and that he acquired title to said chose in action on October 3, 1932, under an assignment from Max F. Schwarze and Rose Schwarze. Plaintiff also filed a bill of particulars, which set up the written contract referred to in the affidavit of assignment. Defendant filed a general demurrer to plaintiff's declaration and bill of particulars, and an order was entered overruling the demurrer, striking plaintiff's bill of particulars, and granting him leave to file an amended bill of particulars within 20 days. Thereafter, defendant filed a plea of the general issue together with notice of special defenses and an affidavit of merits setting forth, in substance, that Edith Rockefeller McCormick, Edwin D. Krenn and Edward A. Dato, as trustees of the Edith Rockefeller McCormick Trust, bought and paid for the land, part of which was covered by the contract with the Schwarzes; that the said trustees, as such, adopted and did busi-

ness under the trade name of "Albany Avenue Realty Trust, of which Chicago Title and Trust Company is Trustee"; that the contract with the Schwarzes was the contract of the said trustees; that all of the payments made by the Schwarzes on the contract were paid over and delivered to the said trustees; that defendant received payments on said contract merely as agent for the said trustees; that the Schwarzes defaulted in the terms of the contract and never became entitled to a deed thereunder, but vacated and abandoned the premises and never tendered the balance due on the contract; that, in any event, plaintiff could not recover for payments made prior to five years before the commencement of this action by reason of the statute of limitations. Plaintiff filed a general and special demurrer to the notice of special defenses and affidavit of merits, and stated as the special grounds of demurrer that the contract is void for lack of mutuality of obligation because the vendor is not a legal entity; that the statement that McCormick, Krenn, and Dato organized the Edith Rockefeller McCormick Trust for certain purposes is not relevant; that the allegations in Paragraph 3 are conclusions which attempt to vary the terms of recorded deeds, and the trust agreement dated June 27, 1925, is inadmissible for that purpose and does not sustain the allegations of paragraph 3; that the fourth paragraph of the notice of special defenses and of the affidavit of merits, when read in conjunction with the Edith Rockefeller McCormick Trust Agreement and Declaration of Trust and with the trust agreement of June 27, 1925, does not show that there was a legal vendor who could sue or be sued; that the Edith Rockefeller McCormick Trust agreement does not show any chain of title with the property in question by recording or otherwise, and that the statements that the three trustees of the Edith Rockefeller McCormick Trust employed the defendant, and that de-

fendant was acting on their behalf in making the sale and entering into the contract, are contrary to other allegations in the pleadings and are not supported by the documents filed. Plaintiff's special demurrer was allowed to stand as a motion to strike the special plea and affidavit of merits. The motion to strike was then sustained, and defendant was granted leave to file an amended plea, notice of special defenses and affidavit of merits within ten days. Thereafter defendant filed an amended plea of general issue, an amended notice of special defenses and an amended affidavit of merits, which defenses, set forth in detail, are, in substance, the same as were set forth in the original notice of special defenses and affidavit of merits.

Defendant's theory is "that this case is identical with and controlled by the cases of *Beilin v. Krenn & Dato, Inc.,* 350 Ill. 284, and *Weissbrodt v. Elmore,* 262 Ill. App. 1; that the contract in question is valid; that there was actually a vendor; that the vendor was the Edith Rockefeller McCormick Trust, doing business under the adopted trade-name of 'Albany Avenue Realty Trust'; that even if the evidence did not sufficiently show that the Edith Rockefeller McCormick Trust was the vendor, this contract would not be void for want of a vendor, because in any event the vendor signing the contract would be Daniel F. Sullivan, who actually signed the contract, or Edward A. Dato, who was the ostensible beneficiary of the Albany Avenue Realty Trust. The defendant also contends that in no event can the plaintiff recover from Krenn & Dato, Inc., because the evidence shows that Krenn & Dato, Inc., merely received, as agent for the McCormick Trust, the payments sued for, and in turn paid over all of such payments to the Edith Rockefeller McCormick Trust. The defendant also contends that in no event can the plaintiff recover the payments made by the Schwarzes more than five years prior to the filing of this suit."

A written land contract, dated August 6, 1925, was entered into between Albany Avenue Realty Trust, of which Chicago Title and Trust Company is trustee, under Trust No. 15,065, party of the first part, and Max F. Schwarze and Rose Schwarze, husband and wife, party of the second part, for the sale by the former to the latter of Lot 3 in Krenn & Dato's Resubdivision of Lots 46 to 81, both inclusive, in Krenn & Dato's Lincoln-Kedzie Addition to North Edgewater, commonly described as 6038 North Albany avenue, Chicago, together with improvements thereon. The contract was signed in the following manner:

> "Albany Avenue Realty Trust, of which Chicago Title and Trust Company is Trustee
>
> By: Daniel F. Sullivan,
> Ass't Manager.
> First Party
>
> Max F. Schwarze, (Seal)
> Rose Schwarze (Seal)
> Second Party"

It was stipulated that the total amount of the payments made by the Schwarzes under the contract was $13,332.95; that the last payment was on January 5, 1932, and that the sum of $6,577.05 was paid by the Schwarzes prior to June 6, 1928, being a date more than five years prior to the filing of the suit. When the case was called for trial and before any evidence was heard, counsel for plaintiff stated to the trial court that plaintiff based his right to recovery solely upon the theory that the vendor described in the contract is not a living person, partnership, corporation or any legal entity and that therefore the contract was invalid for want of a vendor. *Counsel conceded that if the contract was valid plaintiff could not recover.* The trial court stated that if the contract was a valid

one plaintiff was "out of court." The sole evidence introduced by plaintiff was the contract, the assignment, and the stipulated facts as to the payments by the Schwarzes under the contract. At the close of plaintiff's evidence defendant moved for a finding in its favor, which motion was overruled. Defendant contends that plaintiff failed to make out a *prima facie* case and that therefore the trial court erred in overruling its motion. Before the hearing of evidence, the court stated that he was of the opinion that the contract was void and that therefore the defenses set up by defendant, save the one wherein it claims the contract was valid, could have no bearing in the case. It is clear that the court's opinion was based upon the assumption that there was a want of a legal entity, as vendor. The trial court and counsel for plaintiff proceeded upon the theory that the rule that an undisclosed principal cannot sue or be sued on a contract applies to the instant case, but that rule does not apply where a trade name is used in the contract. In the late case of *Beilin v. Krenn & Dato, Inc., supra,* 350 Ill. 284, the court states (p. 290):

"The circumstances disclosed by the record do not bring this controversy within the doctrine relating to undisclosed principals. It has been held in cases where an agent entered into a sealed contract in his own name and there is nothing in the contract to indicate that any other person was interested in it as principal such undisclosed principal cannot sue or be sued on it. (*Walsh v. Murphy,* 167 Ill. 228.) The name of the principal in the contracts is stated to be the Devonshire Manor Realty Trust, a trade name adopted by the trustees of the Edith Rockefeller McCormick Trust. It is therefore competent to show the identity of the persons who adopted it. It is always permissible to show by parol evidence the identity of persons who have entered into a contract under a business or trade name, whether the instrument is a

simple contract or under seal. (*Daugherty v. Heckard,* 189 Ill. 239; *Northwestern Distilling Co. v. Brant,* 69 id. 658.)'' See also *Weissbrodt v. Elmore & Co.,* 262 Ill. App. 1 (certiorari denied by the Supreme Court, ib. p. xv), decided by this division of the court. There a land contract was signed by the vendor as ''Elmore's Westchester Realty Trust, of which the Foreman Trust and Savings Bank is Trustee,'' by ''H. W. Elmore, Manager,'' and the plaintiff, as vendee under that contract, sought to recover on payments made by him pursuant to the contract, on the theory that the contract was void because there was no vendor. We held that the contract was valid because there was a vendor consisting of three persons who were doing business under a trade name and that they, as vendors, could sue and be sued on the contract in their own names. If it were necessary, a number of decisions of sister states to the same effect might be cited.

Plaintiff places reliance upon *Gardner v. Shekleton,* 253 Ill. App. 333. In that case there was no issue joined for trial, as defendants failed to plead, and the third division of this court held that the plaintiff was entitled ''if the court saw fit to accord him that privilege, if he had asked it, of having a judgment as in the case of default on his affidavit of claim,'' and that in the state of the record the defendants were not entitled to put in any defense except in mitigation of damages. The opinion further states that the evidence of plaintiff sustained his claim that the vendor in the contract was not a partnership, an individual, nor a corporation, and that there was no evidence in the record which would warrant any other conclusion. (See our comment on the *Shekleton* case in *Weissbrodt v. Elmore & Co., supra,* pp. 10, 11.) In view of the nature of the undisputed evidence in the *Shekleton* case, if there is language in the opinion in that case that seems

to support plaintiff's argument, it must be considered as obiter. In any event, *Beilin v. Krenn & Dato, Inc., supra,* controls our decision. There the court distinguishes *Walsh v. Murphy,* 167 Ill. 228, cited in the *Shekleton* case.

Although the record shows that counsel for plaintiff, in the lower court, conceded that if the vendor was a legal entity plaintiff could not recover, in this court they seem to have abandoned the theory upon which they tried the case below and are attempting to advance new theories to sustain the judgment. It is the settled law of this State that a person cannot try a case on one theory in the trial court and on another in a court of review. (See *Off v. Exposition Coaster,* 336 Ill. 100, 108; *Chicago Title & Trust Co. v. De Lasaux,* ib. 522, 529.)

The trial court improperly sustained objections of plaintiff to certain evidence offered by defendant, but its evidence received shows that Edith Rockefeller McCormick, Edward A. Dato and Edwin D. Krenn, as trustees of the Edith Rockefeller McCormick Trust, bought and paid for certain land, part of which was covered by the contract with the Schwarzes; that the said trustees, as trustees, adopted and did business under the trade name of "Albany Avenue Realty Trust, of which Chicago Title and Trust Company is Trustee"; that the Schwarzes' contract was the contract of the said trustees; that the defendant received payments on the contract from the Schwarzes merely as agent for the trustees and that it turned over all payments made by the Schwarzes on the contract to the three trustees. The material facts in the instant case are similar to those in *Beilin v. Krenn & Dato, Inc., supra,* and that case, in our judgment, is controlling on the sole issue upon which plaintiff tried this case, viz., as to whether or not this contract was void for

want of a legal entity as vendor. In its opinion the Supreme Court said (p. 288):

"The facts convince us that the vendor was a legal entity. The vendor consisted of three living persons doing business under a trade name. They were Edith Rockefeller McCormick, Edwin D. Krenn and Edward A. Dato, as trustees of the Edith Rockefeller McCormick Trust. One may, if he desires, adopt for the transaction of his business a business name or style entirely different from his own proper name, and when he enters into any contract under such adopted name he will be bound as effectually as though he had used his own name. In such case the adopted name is equivalent, in law, to the actual name of the party. (*Union Brewing Co. v. Interstate Bank,* 240 Ill. 454; 1 Daniel on Neg. Inst. (4th ed.) p. 307.) There is no legal inhibition to the exercise of a like power by the trustees of a trust created for business purposes. *Rand v. Farquhar,* 226 Mass. 91; *Venner v. Chicago City Railway Co.,* 258 Ill. 523.''

In the instant case the defendant contends that while it is absolutely clear that the trustees of the McCormick Trust were the vendors in fact, trading under an adopted trade name, nevertheless, if it could be held that the evidence failed to show that the McCormick Trust was the vendor the contract would not be void for want of a vendor; that the vendor in that event would be Daniel F. Sullivan, who signed the contract as assistant manager of Albany Avenue Realty Trust. Plaintiff now questions, for the first time, the authority of Sullivan to sign the contract. He asserts that Sullivan's authority to sign the contract should be evidenced by a writing. It is a sufficient answer to this contention to say that the trust agreement creating the Albany Avenue Realty Trust sufficiently shows the authority of Sullivan to execute the contract. However, if there was no such written authority the contract would not be void for lack of a vendor, as the vendor would then

be Sullivan himself, or Dato, who is the ostensible beneficiary of the Albany Avenue Realty Trust. Where one signs a land contract as agent or manager of the vendor, he may be held personally liable by the purchaser for all ensuing damages, if it appears that he was without authority to sign the contract. See *Weissbrodt v. Elmore & Co., supra,* where we said (p. 13):

"Nor, in our opinion, is there any merit in counsel's further contention that there is *no one* against whom plaintiff could proceed to compel a conveyance, or, if no conveyance were made, against whom plaintiff could proceed in an action for damages for failure to convey. If it should appear that Elmore, as agent and manager for the beneficiaries in the trust agreement, was without authority to sign the particular contract, he could be held personally liable for all ensuing damages. In *Frankland v. Johnson,* 147 Ill. 520, 525, it is said: 'It is well understood that if the agent, either of a corporation or an individual, makes a contract which he has no authority to make, he binds himself personally, according to the terms of the contract.' In *Annes v. Carolan, Graham, Hoffman, Inc.,* 336 Ill. 542, 545, it is said: 'Where an agent makes a contract for a principal who is wholly or partially undisclosed the agent is bound by the contract.' "

Plaintiff argues, as we understand it, that the trustees of the McCormick Trust could not be vendors in the Schwarze contract because the trustees did not have legal title to the property included in the Schwarze contract at the time the contract was made, or at any time thereafter. It is a sufficient reply to this argument to state that it is not essential to the validity of a contract for the sale of real estate that the vendors have the title at the time the contract is made.

"It is sufficient if, when the specified time arrives, he is able to tender, and does tender, a deed as required by his contract." (*White v. Bates,* 234 Ill. 276, 278.)

In *Beilin v. Krenn & Dato, Inc., supra,* the court said (p. 290):

"It is of no consequence that the legal title was in the Chicago Title and Trust Company, as Trustee."

To the same effect is *Weissbrodt v. Elmore & Co., supra.* It is clearly shown by the evidence that the trustees of the McCormick Trust were the beneficial owners of the real estate included in the Schwarze contract at the time that contract was entered into and at all times thereafter. The purchase price of the property was paid by the Trust. It paid for all improvements in connection with this particular contract, it carried the real estate in question on its books and records as an asset of the Trust, and the mortgages which were on the property from time to time, as liabilities of the Trust.

The judgment of the superior court of Cook county is reversed.

*Judgment reversed.*

JOHN J. SULLIVAN, P. J., and FRIEND, J., concur.