## HORNBROOK ET AL. *v.* HETZEL.

### [No. 3,452.   Filed June 7, 1901.]

PLEADING.—*Complaint.—Exhibits.—When In the Record.—Appeal.*—
In an action to foreclose a mortgage given to secure three promissory notes, a demurrer was sustained to one paragraph of the complaint and overruled as to the other. The notes and mortgage were made exhibits to the first paragraph and referred to by the letters A, B, C, and D. The notes and mortgage were made exhibits to the second paragraph of complaint and referred to by the letters E, F, G, and H. The second paragraph alleges that certain exhibits are filed with it. Those exhibits are found in the record and clearly identified as those named in the complaint. *Held,* that the exhibits E, F, G, and H filed with the second paragraph of complaint are in the record. *pp. 79-81.*

CHATTEL MORTGAGE.—*Time of Recording.—Execution Of.*—Where a chattel mortgage was signed and acknowledged on January 25, 1897, but was not delivered and recorded until August 4, 1897, the mortgage was recorded within the ten days required by statute, since delivery is essential to the execution of a chattel mortgage. *p. 81.*

From Warrick Circuit Court; *E. M. Swan,* Judge.

Action by John Hetzel against Richard S. Hornbrook and others to foreclose chattel mortgage. From a judgment in favor of plaintiff, defendants appeal. *Affirmed.*

*W. Z. Bennett,* for appellants.

COMSTOCK, J.—Appellee brought this action to foreclose a chattel mortgage executed to him by appellant Hadley to secure the payment of three promissory notes. Appellants Gaar, Scott & Company and Hornbrook were made parties, it being alleged that they claimed an interest in the chattels mortgaged. The notes and mortgage were made parts of the complaint as exhibits A, B, C, and D, respectively. The complaint was in one paragraph to which a demurrer for want of facts was sustained and leave given to amend.

The record next shows the following order-book entry, after the title and number of the case: "Come the parties and the plaintiff files his amended complaint". Paragraph

2.   This paragraph is founded upon the same notes and mortgage referred to in the complaint to which the demurrer was sustained.   They are referred to and made parts of this paragraph as exhibits E, F, G, and H, respectively.   In this paragraph it is alleged that the defendant Hadley executed and delivered "to the plaintiff his three promissory notes", describing them, and to secure their payment he signed and acknowledged the mortgage in suit conveying to the plaintiff the chattels described therein, but that said mortgage was not delivered to the plaintiff until the 4th day of August, 1897, and that on said last named day said mortgage was duly filed for record in the office of the recorder of Warrick county, State of Indiana, in which county said mortgagor resided at the date "of the execution and delivery of the mortgage."

The record shows that appellant Hornbrook demurred to each paragraph of the amended complaint for want of facts, and that the court sustained the demurrer to the first, and overruled it as to the second.   The record sets out but one paragraph of complaint after leave was granted to amend, although it shows that a demurrer was filed to each paragraph, and sustained to one, and overruled as to the other, as above stated.

The cause was put at issue and trial had resulting in judgment against Hadley in favor of appellee for the principal and interest of the notes and attorney's fee, and the foreclosure of the mortgage and sale of the property to pay the same.   A motion of appellant Hornbrook for a new trial was overruled.   The only error assigned upon this appeal is the overruling of appellant Hornbrook's separate demurrer to the second paragraph of the complaint.   The objections to this paragraph are that the mortgage was not filed with the complaint and that it was not recorded within ten days after its execution.

Is the mortgage a part of the complaint as an exhibit? The record does not seem to be complete.   Some one has

made a statement (parenthetically) in the transcript by way of recital, which appears to have been intended to explain the condition of the record. It is, however, no part of the record and can not be considered.

It is true, as stated by counsel for appellant, that when a demurrer is sustained to a pleading, that pleading, with its exhibits, is taken out of the record.

It appears in the case at bar that the notes and mortgage were filed with the complaint as exhibits A, B, C, and D. They were filed with the second paragraph as exhibits E, F, G, and H. The second paragraph alleges that certain exhibits are filed with it. In the record these exhibits are found and are clearly identified as those named in the complaint. Exhibits E, F, G, and H, filed with the second paragraph are in the record.

As to the other objection urged to the complaint, it will be noticed that it is alleged that although the mortgage was signed and acknowledged on the 25th of June, it was not delivered until August 4, 1897, and that it was recorded on the same day. Delivery was necessary to its execution. The statute requires that a chattel mortgage must be filed for record in the office of the recorder of the proper county within ten days of its execution. As there was no execution until its delivery, the mortgage was recorded in time.

Judgment affirmed.