Crosier v. Crosier, 201 Ill. App. 406.

### Abstract of the Decision.

1. INSURANCE, § 328*—*when conditions of policy waived by agent.* Where an agent of a life insurance company told the insured that the policy would be in full force and effect from the time he received it from the company, although the first premium was not paid as required by its terms, and that he would pay the premium and hold the policy for her, *held* that a recovery could be had thereon, the agent having received it while the health of the insured was the same as when her application was taken.

2. INSURANCE, § 684*—*when verdict for defendant erroneously directed.* Evidence in an action on a life insurance policy that the policy was received by the agent of the insurance company for the insured while the latter was in good health and that the agent had agreed that the policy should be in full force and effect from such receipt, *held* sufficient to go to the jury and that a peremptory instruction for the defendant was erroneous.

3. INSURANCE, § 323*—*when agent power to waive conditions in policy.* A general agent clothed with power to solicit insurance, receive the application, forward it to the company, receive and deliver the policy and collect the premium, has power to waive a condition in the policy notwithstanding that power is negatived by a provision in the policy.

---

## Vail Crosier, Appellee, v. Arthur Crosier, Appellant.
## (Not to be reported in full.)

Appeal from the Circuit Court of Schuyler county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed June 10, 1916. Certiorari denied by Supreme Court (making opinion final).

### Statement of the Case.

Action in assumpsit by Vail Crosier, plaintiff, against Arthur Crosier, defendant, on a contract alleged to have been signed by the parties. From a judgment for plaintiff, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

B. O. WILLARD, for appellant.

D. L. MOURNING and J. M. LORING, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 389*—*when existence of question for jury.* In an action on a contract, copies of which, after being signed by the parties, were handed to the plaintiff and defendant by the attorney who drew it, *held* that the question whether it was intended by the parties that the contract should take effect on such delivery was for the jury.

2. CONTRACTS, § 372*—*when burden of proving execution of is on plaintiff.* Where, in an action on a contract, the defendant filed a verified general issue, *held* that the burden of proving the execution of the instrument by a preponderance of evidence was on the plaintiff.

3. CONTRACTS—*what constitutes execution of.* The execution of an instrument includes the signing and delivery of it with the intention that it shall take effect.

4. APPEAL AND ERROR, § 1247*—*when remarks of counsel may not be complained of.* Counsel may not complain of remarks to the jury by opposing counsel which are provoked by his own act and based upon evidence introduced by him, though they have no relation to the matters in issue.

5. CONTRACTS, § 393*—*when instruction in action on contract not misleading.* In an action on a contract, an instruction that the plaintiff could recover if the jury believed from a preponderance of the evidence that the plaintiff and defendant entered into the contract sued upon, etc., *held* not misleading where other instructions informed the jury that, to be binding, the contract must have been signed and delivered with the intent of the parties that it should take effect.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.