Percy Wilson, Appellant, v. Howard L. Bodamer et al., Appellees.

Gen. No. 34,918.

24

Opinion filed March 23, 1931.

FOREMAN, BLUFORD, KRINSLEY & SCHULTZ and WILLIAM J. RYAN, for appellant; OWEN RALL, of counsel.

HARRY D. IRWIN, for appellees; JOHN M. BYRNE, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the defendants to recover $5,639.55 claimed to be due on account of instalments and interest under the terms of a written contract entered into between plaintiff and defendants for the sale and purchase of three lots located in Cook county, Illinois. After defendants had filed a number of affidavits of merits and set-offs, which had been successively stricken on motion of plaintiff, and each time the defendants had been given leave to file an amended affidavit of merits and set-off, defendants moved the court for leave to withdraw their affidavit of merits and set-off last filed by them, the motion was allowed and thereupon defendants moved to strike plaintiff's statement of claim on the ground that it was insufficient as a matter of law upon which to predicate liability. The motion was allowed, the statement of claim was stricken, the suit dismissed at plaintiff's costs, and this appeal followed.

The only question for decision is whether the written contract entered into between plaintiff and defendants for the sale and purchase of the real estate was a valid and binding obligation, plaintiff contending that it is valid and binding and defendants contending to the contrary, claiming that the contract "is void for want of mutuality," for the reason as stated by their coun-

sel, that "the contract upon its face showed that it was made on behalf of certain undisclosed principal or principals who did not appear as a party to the contract."

The document which plaintiff contends is a valid and binding contract, and which is the basis of plaintiff's suit, by its terms is between "Percy Wilson, as Trustee under Trust Agreement dated March 1, 1927, hereinafter called the Vendor, and Howard L. Bodamer, Walter T. Holm and Wilbert A. Gnadt, 2215 Estes Avenue, Chicago, Illinois, hereinafter called the Purchaser." It then provides that if the purchasers shall first make the payments mentioned, etc., the vendor will convey the three lots in fee simple by a good and sufficient warranty deed and the purchasers covenanted and agreed to pay the vendor $46,550 in a manner specified. The deed was to be delivered by the vendor when 60 per cent of the purchase price had been paid. The document is signed, "Percy Wilson Trustee as aforesaid" and by the three purchasers.

Plaintiff's contention, as set up in the statement of claim, and which is admitted by the defendants' motion to strike, is that there were certain instalments due and unpaid, and it is conceded by both parties that defendants had not paid 60 per cent of the purchase price, and therefore the time for the delivery of the deed had not arrived.

One of the contentions made by defendants is that "the test of the mutuality of said contract was whether the defendants would be able to compel specific performance of it in equity and obtain a good and sufficient deed to said real estate"; and that this could not be done unless the defendants first obtained "affirmative equitable relief . . . against said undisclosed principals having such equitable interest; that said contract being under seal, said undisclosed principals could not sue or be sued thereon; that, therefore, said

contract was null and void." We think this argument is unsound. It is not essential to the validity of a contract for the sale of real estate that the grantor should have title at the time the contract is made. It is sufficient if, when the specific time arrives he is able to tender and does tender a deed as required by his contract. *White v. Bates,* 234 Ill. 276. And it has been held that, although a contract is under seal, suit may be brought upon it by a third person for whose benefit it is made. *Webster v. Fleming,* 178 Ill. 140.

The main contention of the defendants is that the contract in question shows that it was made by "Percy Wilson not as his own contract but in behalf of certain undisclosed principals subject to certain undisclosed powers and limitations of which the appellees have no knowledge."

We think it would serve no useful purpose to analyze or discuss the numerous authorities of courts from several jurisdictions as to whether the words "as Trustee" following the name of the individual, binds him as trustee—the trust estate—or binds him individually. But we are clearly of opinion that the contract in the instant case is valid and binding. *Wahl v. Schmidt,* 307 Ill. 331; *Austin v. Parker,* 317 Ill. 348; *Schumann-Heink v. Folsom,* 328 Ill. 321. In the *Wahl* case, 307 Ill. 331, real and personal property were devised to three trustees. Part of the property of the estate was a building which the trustees leased to a tenant. A water tank had been constructed on the building, which, on account of faulty construction, fell through the roof of the building, killing one of the tenant's employees, and it was sought to charge the estate with liability on account of the improper construction of the water tank. The court held the estate was not liable and on page 336 said: "In a court of law a trustee having the legal title to real estate, together with the right of possession, is regarded as the owner of the property, having all the rights and subject to all

the liabilities of ownership. (1 Perry on Trusts, sec. 321.) The duties of the trustee as owner make him personally liable for torts committed by him or by the agents or servants in his employ. . . . A trustee is not liable in his representative capacity for an injury caused by his negligence in the management of the property held in trust. (Citing 22 R. I. 245.) . . . It was stated in that case that the law will not allow trust property to be impaired or dissipated through the negligence or improvidence of trustees.'' And continuing, the court said, p. 339: ''A trustee cannot create a lien on the trust estate in favor of a creditor, or charge the trust estate even by his contract, without express authority given by the instrument creating the trust. (*Johnson v. Leman,* 131 Ill. 609.) . . . '' Page 341: ''An action against a trustee in his representative capacity is unknown to a court of law, for the law takes no cognizance of the trust relation or the trust estate. The trust estate can make no contract and commit no tort. If the trustee binds himself for the benefit of the trust estate the contract is his personal contract though he describes himself as trustee. He is liable to an action at law for its breach, and a personal judgment is the only judgment which can be rendered against him.''

In the *Austin* case, 317 Ill. 345, Austin recovered a money decree against ''Harrison Parker, Seymour Stedman and George H. Wilkins, as trustees of the Co-Operative Society of America, (a common law trust)'' and it was held that a trustee could not create a lien on the trust estate in favor of a creditor or charge the trust estate by his contract without express authority in the instrument creating the trust. The court said, pp. 353–4: ''A trustee cannot create a lien on the trust estate in favor of a creditor, or charge the trust estate, even by his contract, without express authority by the instrument creating the trust. Property of the trust estate cannot be used to reim-

burse the trustee for expenses or losses incurred unless he has used good faith and common prudence. . . . The fact that a trustee is indemnified by the estate in this manner does not in anywise create a direct liability on the part of the trust estate for the benefit of third persons dealing with the trustee. The remedy of third persons is, in general, a remedy against the trustee, only. . . . If the trustee binds himself for the benefit of the estate the contract is his personal contract though he describes himself as trustee. He is liable in an action at law, and a bill in equity will not lie against the trust estate in such a case, for the right of action is one not against the estate but against the trustee personally. . . . In the absence of language in a contract by which the parties specifically agree that the third party shall look to the trust estate alone for his compensation, the word 'trustees' is but *descriptio personae.*"

In the *Folsom* case, 328 Ill. 321, the court said, p. 326: "It may be stated as a general proposition that anyone competent to contract may make such disposition of the legal title to his property as he pleases, may annex such conditions and limitations to its enjoyment as he chooses, and may vest it in trustees for the purpose of carrying out his intention. He has the same power to create trusts as he has to alienate the legal title to his property." And continuing, the court said, pp. 328–29: "The declaration of trust involved in this case created a business trust and not a partnership. This being true, the trustees had no authority to bind the *cestuis que trust,* because a trustee is not an agent. When a trustee contracts he does so for himself. He has no principal. The contract is the personal undertaking of the trustee, and if he wants to protect himself from individual liability on the contract he must stipulate that he is not to be personally responsible and that the other party is to look solely to the trust estate."

Applying the law as announced in these cases, we hold that "Percy Wilson, as Trustee," is not an agent; he has no principal, and the contract is his personal undertaking. The contract in question is a valid and binding obligation and the court erred in striking plaintiff's statement of claim.

The judgment of the municipal court of Chicago is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

MATCHETT, P. J., and McSURELY, J., concur.