Illinois National Bank and Trust Company, Appellee, v. W. F. Holmes, Appellant.

Gen. No. 9,673.

Heard in this court at the May term, 1941. Opinion filed August 7, 1941.

HALL, MITCHELL & PETZ, of La Salle, for appellant.

C. A. PEDDERSON, of Rockford, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.
In a proceeding to try the right of property in certain livestock seized by virtue of an execution issued out of the circuit court of Stephenson county in favor of W. F. Holmes and against Wm. R. Lewis, the county court found the right of property in the Illinois National Bank and Trust Company of Rockford and that

it had a superior lien by virtue of a chattel mortgage which it held, and from an order so finding and releasing the property levied upon from the lien of the execution and adjudging the costs against W. F. Holmes, the execution creditor, he, the said Holmes has prosecuted this appeal.

The evidence discloses that Wm. R. Lewis was indebted to appellee in the sum of $1,344.10 and evidencing that indebtedness he signed two notes, each note payable to the order of appellee and due six months after date. To secure the payment of these notes, Lewis signed a chattel mortgage upon the livestock levied upon. These notes and mortgage, and the certificate of acknowledgment of said mortgage all bear the date of July 11, 1940, but were, in fact, signed, acknowledged and delivered by Lewis to appellee on July 20, 1940, and the mortgage was filed for record on July 23, 1940. The record further discloses that on October 14, 1940 appellant recovered a judgment in the circuit court of Stephenson county against the said Wm. R. Lewis, upon which an execution duly issued and a levy made by the Sheriff upon the livestock described in appellee's chattel mortgage.

The question presented for determination requires an interpretation of sec. 4, ch. 95, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 83.04] which provides: "No mortgage, trust deed or conveyance of personal property having the effect of a mortgage or lien upon such property hereafter executed shall be valid as against the creditors of the mortgagor, even though admitted to record, as hereinafter provided, unless it shall be deposited for filing or recording in the office of the recorder of deeds of the proper county within ten days of its execution, and any such mortgage, trust deed or conveyance of personal property not deposited for filing or recording within ten days of the execution thereof shall be fraudulent and void as to such creditors."

Counsel for both parties agree that under the foregoing provisions a chattel mortgage to be valid as to third parties must be recorded or filed within 10 days of its execution and that the statute with reference to the execution and recordation of chattel mortgages is in derogation of the common law and must be strictly construed. Counsel for appellant insist that this chattel mortgage was, in fact, executed on July 11, 1940, the date it bears, and not having been filed for record until July 23, 1940, the statute was not complied with. Counsel argue that the statute was enacted for the specific purpose of protecting third persons from such situations as this record discloses and that to sanction the construction of the statute adopted by the court below would result in a legal fraud upon appellant.

This particular provision of our statute has not been construed by our courts, but similar provisions have been by the Appellate Courts of other States. *Fenby v. Hunt*, 53 Wash. 127, 101 Pac. 492 and cases there cited. In the *Fenby* case, it appeared that the chattel mortgage there under consideration was dated December 9, 1907 but was not delivered to the mortgagee until December 13, 1907 and was filed in the auditor's office on December 21, 1907. The court held that the provision of the statute requiring it to be filed "within ten days from the time of the execution thereof" was complied with. In the course of its opinion, the court said: "The date of the mortgage, December 9, did not alone determine its 'execution,' as that word is understood and interpreted in statutes of a like character. The execution of a chattel mortgage means and includes the doing of those formal acts necessary to give the instrument validity as between the parties. There certainly could be no validity to a mortgage without a delivery and acceptance. One cannot be made a mortgagee unless there is some act on his part which can and does express his relation to the instrument.

There must be a 'meeting of the minds' in this sort of relation as in any other contract. Without these formalities there is no mortgage. Jones, Chattel Mortgages, p. 104. The word 'execute,' when applied to a written instrument, unless the context indicates that it was used in a narrower sense, imports the delivery of such instrument. *Le Mesnager v. Hamilton,* 101 Cal. 532, 35 Pac. 1054, 40 Am. St. 81. In *Brown v. Westerfield,* 47 Neb. 399, 66 N. W. 439, 53 Am. St. 532, 'execution' was held to include all acts essential to the completion of the instrument. A very similar case to the one before us will be found in *Hornbrook v. Hetzel,* 27 Ind. App. 79, 60 N. E. 965; the mortgage being dated June 25, but not delivered nor filed until August 4. The court says: 'Delivery was necessary to its execution. The statute requires that a chattel mortgage must be filed for record in the office of the recorder of the proper county within ten days after its execution. As there was no execution until its delivery, the mortgage was recorded in time.' For other cases in point see: *Solt v. Anderson,* 67 Neb. 103, 93 N. W. 205; *Arrington v. Arrington,* 122 Ala. 510, 26 South. 152; *Shaughnessey v. Lewis,* 130 Mass. 355; *Wells v. Lamb,* 19 Neb. 355. The mortgage, being filed within the time provided by law, became and was a lien upon the property described therein from the time of its execution on December 13, and was superior to appellant's attachment levied December 19. *McCarthy v. Seisler,* 130 Ind. 63, 29 N. E. 407; *Hanson v. Cochran,* 9 Del. 184, 31 Atl. 880; *Spencer Co. v. Papach,* 103 Iowa 513, 70 N. W. 748, 72 N. W. 665; *Way v. Braley,* 44 Mo. App. 457."

In *Shaughnessey v. Lewis,* 130 Mass. 355 it appeared that the statute of that State provides that no mortgage made after July 1, 1874 "shall be valid as against any other person than the parties thereto, unless the same is recorded within fifteen days after the date thereof, or the property mortgaged is delivered to and retained by the mortgagee." The property in question

was attached on May 24, 1880 as the property of Mary A. Snow who had mortgaged the property to the plaintiff, the mortgage being dated June 16, 1879. It purported to be acknowledged on July 21, 1879 and was recorded on July 24, 1879. In sustaining exceptions to the ruling of the trial court which held that the date appearing in the testimonium clause was conclusive and that parol evidence to show the true date was not admissible the court cited *Folsom v. Clemence,* 111 Mass. 273 and referring to that case said: "In that case, there was no date of a mortgage except it was dated 1870 without month or day of the month, but on its back was written, 'March 24, 1870'; in reference to which it is said by the court that 'the evidence tended to show that to have been the time of its delivery, which is the true date.' The real question is, when did the instrument first take effect as a valid contract between the parties. If the instrument bore no other date than the month or year, it would be competent for either party to show its true date; and while the party claiming under it might show that in fact it was executed within fifteen days of its record, it would be equally competent for the other party to show that it had been effectual as a contract between the parties for a long time before the fifteen days. . . . It is not a question of extending, limiting or varying the words of a written instrument, but it is simply the question; When was the execution of that contract evidenced by the actual delivery of it?"

In *Hornbrook v. Hetzel,* 27 Ind. App. 79, 60 N. E. 965, it appeared that the chattel mortgage was signed and acknowledged on June 25, 1897 but was not delivered until August 4, 1897, and was recorded the same day. The court held that delivery was necessary to its execution and that the statute requiring the instrument to be filed for record within 10 days after its execution was complied with as there was no execution of the mortgage until its delivery.

The word "execution" when used in its proper sense conveys the meaning of carrying out some act or course of conduct to its completion, and when applied to a written instrument includes the performance of all acts which may be necessary to render it complete as an instrument, or to give the instrument validity or to carry it into effect. In common parlance, the word "execution" may mean the signing alone, but in a legal or technical sense, the word when used in reference to a conveyance, necessarily includes signing, sealing and delivery. 23 C. J. 278. The execution of an instrument includes the signing and delivery of it with the intention that it shall take effect. *Crosier v. Crosier,* 201 Ill. App. 406 (Abst.). As defined by Bouvier, execution means the accomplishment of a thing, the completion of an act or instrument, the fulfillment of an undertaking; thus, a deed is executed when it is signed, sealed and delivered.

In the absence of a statute requiring it, a date is not necessary to the validity of a chattel mortgage, hence a mere mistake in dating the instrument will not invalidate it. While the date of the mortgage is presumably the date of the execution, this presumption is merely prima facie. Antedating a valid chattel mortgage if not done with fraudulent intent, will not void it. 11 C. J. 477, sec. 112. In the absence of evidence to the contrary, a chattel mortgage is presumed to be executed on the date it bears. 10 R. C. L. 1040; *Holm v. Lynd,* 343 Ill. 645. "In the absence of testimony the law presumes that a chattel mortgage is delivered on the day of its date." 11 C. J. 489, sec. 138. It is well settled, however, that the actual date of the execution and delivery of a deed or instrument may be shown by parol testimony. 8 R. C. L. 1015, sec. 73; *Weissbrodt v. H. W. Elmore & Co.* 262 Ill. App. 1, and in *Blake v. Fash,* 44 Ill. 302, the court said: "It is always competent to show that the date inserted in a deed was not the date of its delivery."

An actual or constructive delivery of a chattel mortgage to the mortgagee or his duly authorized agent and acceptance on the part of the mortgagee are essential to make a mortgage a valid instrument. 11 C. J. 487-9, secs. 135, 142.

In the instant case, there was not only no delivery of the note or mortgage prior to July 20, 1940, but they were not signed nor was the mortgage acknowledged until that day. Manifestly, those acts are as essential to "execution" as is delivery. This mortgage, therefore, although dated July 11, 1940 was not executed until it was signed, acknowledged and delivered by the mortgagor and accepted by the mortgagee. This occurred on July 20, 1940, and having been recorded on July 23, 1940, the statutory provision was complied with and the trial court correctly so held. The judgment will, therefore, be affirmed.

*Judgment affirmed.*